[Cite as *State v. Thompson*, 2026-Ohio-2722.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :            Nos. 115932, 115934,
                                        and 115950

    v.                                            :

ANDRE D. THOMPSON,                   :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 16, 2026

---

Criminal Appeals from the Cuyahoga County Court of Common Pleas
Case Nos. CR-00-395441-ZA, CR-02-421390-ZA, and CR-02-431638-ZA

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Michael R. Wajda, Assistant Prosecuting Attorney, and Sophie E. Kormos, Certified Legal Intern, *for appellee.*

Andre D. Thompson, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} In this consolidated appeal, defendant-appellant Andre D. Thompson challenges the trial court's decisions that denied his post-sentence motions to

withdraw his guilty and no-contest pleas entered in three criminal cases. Upon review, we affirm the trial court's decisions.

{¶ 2} In December 2000, Thompson was convicted of bribery after pleading guilty in Cuyahoga C.P. No. CR-00-395441-ZA. In April 2002, Thompson was convicted of domestic violence after pleading no contest in Cuyahoga C.P. No. CR-02-421390-ZA. In February 2003, Thompson was convicted of domestic violence after pleading guilty in Cuyahoga C.P. No. CR-02-431638-ZA. Thompson was represented by counsel in each case at the time he entered his plea.

{¶ 3} In 2020, Thompson filed in each case a motion to vacate conviction for lack of a fully knowing and intelligent plea. He argued that he was not advised of potential future adverse legal consequences and that he was facing an enhanced sentence in a subsequent federal case because of a potential classification as a career offender. The State opposed, and the trial court denied those motions.

{¶ 4} Five years later, in 2025, Thompson, acting pro se, filed in each case a post-sentence motion to withdraw plea and vacate conviction pursuant to Crim.R. 32.1. In those motions, Thompson argued that his pleas were not entered knowingly, intelligently, and voluntarily; that the unavailability of the plea/sentencing transcripts prevented meaningful review and hindered his ability to demonstrate noncompliance with Crim.R. 11; and that he received ineffective assistance of counsel because he was not informed of future collateral consequences and federal sentencing ramifications. The State opposed and argued that the motions were untimely, that no manifest injustice was shown, and that res judicata

should be applied.  In December 2025, the trial court denied those motions. Thompson appealed in each case, and the cases were consolidated for review.

{¶ 5}  Under his first assignment of error, Thompson claims the trial court abused its discretion and violated his due-process rights by denying his motions without conducting a hearing where no plea transcript or audio recording exists in the record, which he asserts prevented a meaningful review of whether his pleas were knowing, voluntary, and intelligent.

{¶ 6}  "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Crim.R. 32.1.  Where a post-sentence motion to withdraw a plea of guilty or no contest is involved, the defendant has the burden of establishing the existence of "manifest injustice," which has been defined as a "clear or openly unjust act," which exists "only in extraordinary cases."  (Cleaned up.)  *State v. Straley*, 2019-Ohio-5206, ¶ 14.  Although Crim.R. 32.1 does not include a time limit for a post-sentence motion to withdraw a plea, an undue delay adversely affects the credibility of the movant and militates against granting the motion.  *See Straley* at ¶ 15, citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).  A trial court does not abuse its discretion in denying such a motion without a hearing when the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.  *Shaker Hts. v.*

*Thompson*, 2026-Ohio-1871, ¶ 48 (8th Dist.), citing *State v. Knowles*, 2011-Ohio-1685, ¶ 22 (8th Dist.).

{¶ 7}    In each of the cases involved herein, Thompson did not file a direct appeal, and he previously sought to vacate his pleas.[1]  However, the trial court did not indicate that it was applying res judicata, and the State has not presented the issue of res judicata on appeal.  Therefore, we decline to further discuss the doctrine of res judicata pursuant to the principle of party presentation.  *See id.* at ¶ 39, fn. 4 (8th Dist.), citing *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, ¶ 4.

{¶ 8}    Nonetheless, as argued by the State, the trial court did not abuse its discretion in denying Thompson's motions because no manifest injustice was shown.  As this court has previously determined, where there is no transcript or audio recording of the underlying proceedings, a presumption of regularity applies to the trial court proceedings.  *Id.* at ¶ 21.  Here, Thompson waited over 20 years to file the motions, an undue delay occurred, the transcript or audio recording was not required to be kept beyond the period prescribed by law pursuant to Sup.R. 26.05(C), and Thompson did not submit a proposed App.R. 9(C) statement.  As such, Thompson is considered at fault with respect to the nonproduction of a transcript or recording of the proceedings, and we presume regularity with respect

---

[1] "[G]enerally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *Straley* at ¶ 15, citing *State v. Ketterer*, 2010-Ohio-3831, ¶ 59.  Likewise, res judicata generally "acts to bar raising issues in a successive Crim.R. 32.1 motion to withdraw a plea of guilty where those issues could have been raised in the prior Crim.R. 32.1 motion." (Cleaned up.)  *State v. McGraw*, 2022-Ohio-1321, ¶ 6 (8th Dist.).

to the trial court's adherence to its obligations under Crim.R. 11. *See Thompson* at ¶ 32. Also, insofar as Thompson claims he was not advised about future collateral consequences, the trial court was not required to inform him about all possible collateral consequences to a plea, including the potential for sentencing enhancement on a subsequent sentence. *See id.* at ¶ 51, citing *State v. Radovanic*, 2013-Ohio-4157, ¶ 15 (10th Dist.). We are not persuaded by Thompson's other arguments. The trial court did not abuse its discretion, violate Thompson's due-process rights, or otherwise err in denying his post-sentence motions to withdraw a plea without a hearing. Thompson's first assignment of error is overruled.

{¶ 9} Additionally, we do not find any reversible error occurred by the trial court in ruling on Thompson's motions before he claims he received the State's brief in opposition or by refusing to reopen briefing in the matter for him to file a reply. Nor do we find any reversible error occurred with regard to Thompson's assertion that the record was procedurally defective due to a clerical misfiling that pertained to a different matter. Any error in these respects would have been harmless. Thompson's second and third assignments of error are overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR